UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda Provvedi,                                      Civ. No. 10-4898 (PAM/FLN)

          Plaintiff,

v.                                                                  **ORDER**

Wyeth LLC, et al.,

          Defendants.

---

This action is one of many product-liability actions that have recently been filed in the District of Minnesota despite having no discernable connection to Minnesota. So far as the face of the Complaint reveals, Plaintiff is not a citizen of Minnesota, Defendant is not a citizen of Minnesota, Defendant is not incorporated in Minnesota, Defendant does not maintain its principal place of business in Minnesota, no act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

It appears, then, that this case was filed in Minnesota only to take advantage of Minnesota's relatively generous statutes of limitations. See Minn. Stat. § 541.05 (providing a six-year limitations period for negligence and fraud claims and a four-year period for strict-liability claims); Minn. Stat. § 336.2-725 (providing a four-year limitations period for warranty claims); see also Fleeger v. Wyeth, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004).

Transferring this case would appear likely to promote the interests of justice and the convenience of the parties.  Moreover, a transfer would appear unlikely to prejudice any party.  This case would remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer.  See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (a § 1404(a) transfer does not change the law applicable in a diversity case).  The main effect of a transfer would likely be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties.  For all of these reasons, the Court orders the parties to brief the propriety of a transfer under § 1404(a).

## ORDER

Based on the foregoing, and on all of the files and records herein, **IT IS HEREBY ORDERED that** the parties must, no later than July 29, 2011, file briefs of no more than 6,000 words addressing the following questions:

1. Should this action be transferred to another district pursuant to 28 U.S.C. § 1404(a)?

2. Assuming that the Court decides that a transfer under 28 U.S.C. § 1404(a) is appropriate, to which district should this action be transferred?


Dated:    June 30  , 2011          s/Paul A. Magnuson
                                   Paul A. Magnuson
                                   United States District Judge